**Quarles & Brady LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

Attorneys for Plaintiff

Jeffrey H. Wolf (#011361)
Jeffrey.wolf@quarles.com
Kyle Orne (#032438)
Kyle.orne@quarles.com

**Rudolph & Hammond LLC**
8689 East San Alberto Drive
Scottsdale, AZ  85258

Attorneys for Defendant

Kurt Hammond
kurt@rudolphhammond.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valero Marketing and Supply Company, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Two Brothers Distributing, Inc., an Arizona corporation,<br><br>Defendant. | Case No. 2:18-cv-02589-PHX-SMB<br><br>**JOINT RULE 26(f) CASE MANAGEMENT REPORT** |

In accordance with Fed.R.Civ.P. 26(f), the Mandatory Initial Discovery Pilot Project ("MIDP"), and this Court's Order Setting Rule 16 Scheduling Conference (Doc. 27), the undersigned counsel for the parties met and conferred beginning on January 24, 2019, to discuss the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; to make or arrange for the disclosures required by the MIDP; to discuss any issues about preserving discoverable information; and to develop a proposed discovery plan. The undersigned now submit this Joint Rule 26(f) Case Management Report.

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report.**

Counsel for both parties attended the Rule 26(f) meeting and assisted in developing this Joint Rule 26(f) Case Management Report.

**2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

The only parties in this case are Plaintiff and Defendant, and neither party has a parent corporation or entity.

**3. A short statement of the nature of the case (not more than 3 pages), including a description of each claim, defense, and affirmative defense.**

VMSC sells branded and unbranded Valero fuel to distributors who then resell the fuel to retail service stations. Two Brothers is a fuel distributor in Maricopa County that, through subsidiaries and affiliates, also operates retail service stations. In 2007, Two Brothers and VMSC executed a Branded Distributor Marketing Agreement ("DMA") under which Two Brothers agreed to purchase fuel from VMSC as a fuel distributor for a period of three years. Following the 2007 DMA, Two Brothers and VMSC executed similar DMAs in 2010 and 2013, both of which expired automatically after their three-year terms. In 2016, Two Brothers and VMSC executed a new DMA that similarly provided for Two Brothers to purchase fuel from VMSC. Up until February 2018, Two Brothers paid for the fuel it purchased from VMSC under the DMAs by preauthorized electronic funds transfer ("EFT") to VMSC.

VMSC alleges that from February 5 through February 15, 2018, Two Brothers purchased $227,779.34 worth of fuel from VMSC, but cancelled the EFT payments for that fuel and/or otherwise failed to pay for that fuel. VMSC further alleges that Two Brothers has refused, despite demand, to pay VMSC for the unpaid balance associated with these fuel purchases, plus late fees, interest, and attorneys' fees.

**A. Breach of Contract**

VMSC claims that the 2016 DMA is a valid and enforceable contract and that Two

Brothers breached it by, among other things, failing to purchase Valero-branded fuel in accordance with the agreement; failing to timely pay for Valero-branded fuel purchased from VMSC; and failing to honor Valero's proprietary credit cards. As a result, VMSC claims it has been damaged in an amount totaling at least $227,779.34, plus late fees, pre-judgment interest, and reasonable attorneys' fees and costs.

Two Brothers denies VMSC's allegations and claims that VMSC breached the 2016 DMA and the preceding versions of the DMA.

### B. Conversion.

VMSC alleges that by purchasing fuel from VMSC but refusing to pay for it, Two Brothers intentionally exercised dominion or control of VMSC's fuel, and denied VMSC the use and possession of its fuel. VMSC further alleges that Two Brothers' failure to pay for the fuel or to return it constitutes conversion, entitling VMSC to damages totaling at least $227,779.34, plus late fees, interest, and its reasonable attorneys' fees and costs.

Two Brothers denies VMSC's allegations.

### C. Unjust Enrichment.

As an alternative to its breach of contract claim, VMSC alleges that VMSC provided benefits to Two Brothers by, among other things, providing $227,779.34 worth of fuel to Two Brothers, for which VMSC expected that Two Brothers would pay VMSC. VMSC alleges that it has been damaged in an amount of at least $227,779.34, which is the total amount of fuel for which Two Brothers has failed or refused to remit payment, plus interest, late fees, and such other amounts as may be proven at trial.

### D. Affirmative Defenses.

Two Brothers has not pled any affirmative defenses.

**4. A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes.**

This Court has jurisdiction over this action under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**5.  Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served.

**6.  A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

The parties do not expect to add additional parties to the case or otherwise amend their pleadings.

**7.  A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under F.R. Evidence 702, 703, 704 and 705).**

There have been no motions to dismiss filed in this case. However, the parties anticipate that one or both may file motions for summary judgment once they have engaged in some discovery. The parties anticipate that the following issues may addressed by summary judgment motions:

    A.    Whether Two Brothers breached the 2016 DMA with VMSC.

    B.    Whether the 2016 DMA is a valid and binding contract.

    C.    The amount of VMSC's damages, if any.

    D.    Whether Two Brothers is precluded from making certain arguments and defenses under collateral estoppel and/or *res judicata*.

**8.  The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

The parties do not at this time anticipate this case settling and do not believe that reference to a United States Magistrate Judge for a settlement conference will be beneficial at this time. However, the parties are open to revisiting that possibility after they have engaged in discovery. The parties do not consent to trial before a magistrate judge.

**9.  The status of related cases pending before other courts or other judges of this Court.**

There are no related cases pending before other judges of this Court. One related

case, *Two Brothers Distributing Inc., et. al v. Valero Marketing and Supply Company*, is currently pending before the Ninth Circuit Court of Appeals as Case No. 17-17095, on appeal from a judgment issued by this Court, Case No. CV-15-01509-PHX-DGC. That appeal has been fully briefed and is awaiting oral argument and/or a ruling from the Ninth Circuit Court of Appeals.

**10. A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced.**

At this point, the parties do not anticipate any issues relating to preserving and disclosing ESI. In the event either party makes a request for ESI during litigation, the parties agree to act in good faith and follow best practices in establishing protocols for gathering and producing such material.

**11. A discussion of any issues relating to claims of privilege or work product (Rules 16(b)(3), 26(f)(3)).**

The parties have not yet engaged in discovery or encountered any issues relating to claims of privilege or work product. Should these issues arise in the future, the parties will try to reach an agreement before involving the Court.

**12. A discussion of whether an order under F.R. Evid. 502(d) is warranted in this case.**

No Rule 502(d) order is warranted or necessary at this time.

**13. A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.**

Plaintiff served its MIDP responses on January 3, 2019. Defendant served its MIDP responses on January 8, 2019. No issues have arisen under the MIDP to date.

**14. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:**

   **a.   The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case.**

The parties anticipate exchanging written discovery, including interrogatories,

requests for production of documents, and/or requests for admissions, as well as conducting any necessary depositions. Specifically, the parties anticipate discovery into the circumstances immediately preceding and surrounding Two Brothers' purchases of fuel from VMSC in February 2018.

    **b.    Suggested changes, if any, to the discovery limitations imposed by the Fed.R.Civ.P.**

The parties agree that no changes to the discovery limitations imposed by the Fed.R.Civ.P. are necessary in this case at this time.

    **c.    The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

At this time, the parties are not in a position to determine whether any limitation on the number of hours permitted for each deposition is appropriate, because the nature and extent of the appropriate depositions is unknown to either party. The parties also agree that it is not necessary to set a limit on the total number of deposition hours available to each party in this case at this time.

**15.    A statement of when the parties served their MIDP discovery responses.**

Plaintiff served its MIDP responses on January 3, 2019. Defendant served its MIDP responses on January 8, 2019.

**16.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

    **a.    A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP.**

July 1, 2019.

    **b.    Dates for full and complete expert disclosures under Fed.R.Civ.P. 26(a)(2)(A)-(C):**

The parties agree that they shall simultaneously disclose their respective expert

opinions, if any, on or before May 3, 2019, and that they shall simultaneously disclose their respective rebuttal expert opinions, if any, on or before June 28, 2019.

    **c.    A deadline for completion of all expert depositions;**

September 2, 2019.

    **d.    A date by which the parties shall have engaged in face-to-face good faith settlement talks;**

September 6, 2019.

    **e.    A deadline for filing dispositive motions.**

November 1, 2019.

**17.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

The parties do not request a jury trial.

**18.    The prospects for settlement, including any request of the Court for assistance in settlement efforts; and**

The prospects for settlement presently are unknown, and will likely depend on the final resolution of the related case pending before the Ninth Circuit Court of Appeals. The parties intend to act in good faith with respect to future settlement discussions, and may consider private mediation to resolve this dispute at the appropriate opportunity, in addition to or instead of court-facilitated settlement conferences.

**19.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.**

The parties are not aware at this time of any other matters that will aid the Court and parties in resolving this case in a more just, speedy, or inexpensive manner.

1 | RESPECTFULLY SUBMITTED this 28th day of January, 2019.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By  */s/ Kyle T. Orne*
    Jeffrey H. Wolf
    Kyle T. Orne

*Attorneys for Plaintiff*


RUDOLPH & HAMMOND LLC
8689 East San Alberto Drive
Scottsdale, AZ  85258


By  */s/ Kurt Hammond*
    Kurt Hammond

*Attorneys for Defendant*


### **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


                */s/ Kim Simmons*